IN THE SUPERIOR COURT



**FILED**

August 02, 2021
SX-2014-CV-00015
**TAMARA CHARLES**
**CLERK OF THE COURT**

## SUPERIOR COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| CORLEEN PETERSEN, AS THE PERSONAL REPRESENTATIVE FOR CORLINA COLLINS, <br><br> PLAINTIFF, <br><br> v. <br><br> DR. JEFFREY CHASE, DR. ADAM FLOWERS, ALEX PITMA, PA, AND THE VIRGIN ISLANDS HOSPITALS & HEALTH FACILITIES CORPORATION, <br><br> DEFENDANTS. | Civil No. SX-14-CV-015 <br><br> ACTION FOR MEDICAL MALPRACTICE <br><br> JURY TRIAL DEMANDED <br><br> CITE AS: 2021 VI SUPER 81U |

**Ronald E. Russell, Esq.**
The Russell Law Firm
Kingshill, U.S. Virgin Islands
*For Plaintiff*

**Patricia Quinland, Esq.**
Virgin Islands Department of Justice
Kingshill, U.S. Virgin Islands
*For Defendant Dr. Jeffrey Chase*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Presiding Judge**

**THIS MATTER** is before the Court *sua sponte* for review.

## BACKGROUND

On January 30, 2014, Plaintiff Corlina Collins (hereinafter "Collins) filed a complaint against Defendant Dr. Jeffrey Chase (hereinafter "Chase"), Defendant Dr. John Doe, Defendant Jane Doe, and Defendant Schneider Regional Medical Center (hereinafter "SRMC") in connection

with the medical treatment she received during the period of June 12, 2013 through August 27, 2013. The complaint included one count of negligence against all the defendants.[1]

On March 18, 2014, James L. Hymes, III, Esq. of the Law Offices of James L. Hymes, III, P.C. filed a notice of appearance for Chase and SRMC. On that same date, Chase and SRMC filed their answer and affirmative defenses in response to Collins' complaint.

On June 2, 2014, this matter was reassigned from the Honorable Douglas A. Brady to the Honorable Robert A. Molloy.

On August 13, 2014, Collins filed a motion to amend complaint "to substitute the names 'Dr. John Doe' and 'Dr. Jane Doe' as Dr. Adam Flowers and Alex Pitman, PA, respectively" and "to add additional facts related to the injuries asserted in the original complaint." A redline copy of the proposed first amended complaint reflecting the changes made to the initial complaint and a clean copy of the proposed first amended complaint were attached to Collins' August 13, 2014 motion to amend complaint.[2]

On December 10, 2015, the Court entered an order whereby the Court granted Collins' August 13, 2014 motion to amend complaint, ordered Collins to amend the complaint and cure the deficiencies identified in the order within thirty days after the date of entry of the order, ordered that failure to cure these deficiencies may result in dismissal of this matter for lack of subject matter jurisdiction, and ordered that copies of the order provided to Ronald E. Russell, Esq.,

---

[1] Collins did not set forth the specific name of the count in her complaint. Nevertheless, based on the allegations contained in her complaint, the Court deduced that Collins alleged a cause of action for negligence.

[2] The captions of the redline copy and the clean copy of the proposed first amended complaint reflected Collins as the plaintiff and "Dr. Jeffrey Chase, Dr. Adam Flowers, Alex Pitman, PA, and Schneider Regional Medical Center" as the defendants.

counsel of record for Collins, and James L. Hymes, III., Esq. In the December 10, 2015 order, the

Court explained:

> The Court finds that none of the apparent or declared reasons which cause it to deny Plaintiff's motion to amend the complaint are present in this case. Furthermore, the Court finds that justice requires adding these defendants to the complaint. Permitting the Plaintiff to add these parties by name will allow this matter to be better decided on its merits. Finally, there is no indication that Defendants will be prejudiced by the Court permitting Plaintiff to amend its complaint. Accordingly, the Court will allow Plaintiff to amend the complaint to list these defendants by name, and to add additional facts germane to this matter.

> Next, the Court turns to other deficiencies in the complaint. Plaintiff's complaint alleges negligence on the part of various government doctors and other government employees under the Virgin Islands Medical Malpractice Act (MMA) and the Virgin Islands Tort Claims Act (VITCA). In order to allege claims under these statutes a claimant must comply with various filing requirements. The procedural requirements of the MMA are set out in 27 V.I.C. § 166i... The pre-filing requirements of the MMA are jurisdictional, and a plaintiff's failure to adhere to these requirements precludes this Court from exercising jurisdiction over the claims. *Brady*, 55 V.I. at 815 ("the plain language and historical purpose of the statute clearly indicate that the Legislature intended the pre-filing requirements of 27 V.I.C. § 166i to limit the authority of courts in this territory in adjudicating medical malpractice actions.").

> Additionally, because Plaintiff alleges a claim for medical malpractice against a governmental instrumentality, and against government employees of that instrumentality, the provisions of the VITCA also apply to the facts of this case. *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74, at *14 (V.I. Super. Ct. June 25, 2015) (citing *Richardson v. Knud Hansen Mem'l Hosp.*, 744 F.2d 1007 (3d Cir. 1984))...The pre-filing requirements of the MMA are jurisdictional, and a plaintiff's failure to adhere to these requirements precludes this Court from exercising jurisdiction over the claims. *Brady*, 55 V.I. at 815 ("the plain language and historical purpose of the statute clearly indicate that the Legislature intended the pre-filing requirements of 27 V.I.C. § 166i to limit the authority of courts in this territory in adjudicating medical malpractice actions.").

> There is no indication from the complaint that Plaintiff has complied with the prefiling requirements of these statutes. Instead, the complaint alleges in conclusory paragraphs that Plaintiff has complied with all requirements of the VITCA and MMA. Compl. ¶¶ 13-14. Like those of the MMA, the pre-filing requirements of the VITCA are jurisdictional and may not be waived. *James-St. Jules v. Thompson*, 2015 V.I. LEXIS 74, at *14-16 (V.I. Super. Ct June 25, 2015) (further explaining that "[t]he Third Circuit Court of Appeals and other Virgin Islands courts, however, have expressly held that a plaintiffs failure to comply with the procedural requirements of the VITCA precludes a court from

exercising subject matter jurisdiction over such claims."). Because of these deficiencies, the Court lacks subject matter jurisdiction in this case. However, at this stage, the Court does not find that allowing Plaintiff leave to amend her complaint to include allegations regarding the pre-filing requirements of the MMA and VITCA would be futile.

(Dec. 15, 2015 Order, pp. 2-5.)

On January 11, 2016, Collins filed a notice of compliance with the Virgin Islands Medical Malpractice Act (hereinafter "VIMMA") and the Virgin Islands Tort Claims Act (hereinafter "VITCA").[3] In her January 11, 2016 notice, Collins advised the Court:

> Plaintiff provided the required notice letter the proposed verified complaint via certified mail on or about September 13 2013 to the then Commissioner of Health, Governor of the Virgin Islands and the Virgin Islands Attorney General Plaintiff never received an opinion from the MMARC and after 90 days as provided by statute Plaintiff filed her complaint in the Superior Court Plaintiff filed her complaint in the Superior Court on or about January 30, 2014. In addition Plaintiff provided notice of the amendments via certified mail to the Governor and Attorney General Therefore, Plaintiff fully complied with all jurisdictional statutory requirements as stated in the [Court's December 10, 2015 order]."

(Jan. 11, 2016 Notice, p. 1.)

Collins never filed a new proposed first amended complaint as ordered in the Court's December 10, 2015 order.[4]

---

[3] The following documents were attached to Collins' January 11, 2016 notice as exhibits: (i) a copy of a verified letter, dated September 3, 2013, from Ronald E. Russell, Esq. on behalf of Collins to "Hon. Darice Plaskett, Commissioner, Department of Health," regarding "Filing of Proposed Complaint with Medical Malpractice Action Review Committee," sent via certified mail and a copy of a verified letter, dated September 3, 2013, from Ronald E. Russell, Esq. on behalf of Collins to "Hon. John P. deJongh, Governor of the Virgin Islands," regarding "Notice of Intention to File Claim," sent via certified mail (Exhibit A), (ii) a copy of the proposed verified complaint, dated September 13, 2013, with certificate of service indicating that it was served on "Medical Malpractice Action Committee" and "Hon. Darice Plaskett, Commissioner, Department of Health" (Exhibit B), and (iii) copies of certified mail receipt for: "Hon. Darice Plaskett, Commissioner, Department of Health," "Medical Malpractice Action Committee," "Vincent F. Frazer, Esq., Attorney General, Department of Justice," and "Hon. John P. deJongh, Governor of the Virgin Islands" (Exhibit C).

[4] The proposed first amended complaint attached to Collins' August 13, 2014 motion to amend complaint was never deemed filed. In fact, as noted above, the Court ordered Collins to amend the complaint and cure the deficiencies. *See* Dec. 10, 2015 Order.

On May 6, 2016, James L. Hymes, III., Esq., counsel for Chase and SRMC, and Dean Barnes, Esq. of the Virgin Islands Department of Justice filed a copy of the stipulation for Dean Barnes, Esq. to substitute as counsel for Chase and SRMC.[5] On June 1, 2016, the Court entered an order whereby the Court granted the stipulation of substitution of counsel for Chase and SRMC.

On June 16, 2016, Dean Barnes, Esq., counsel for Chase and SRMC, and Johanna Harrington, Esq. of the Virgin Islands Department of Justice filed a stipulation for Johanna Harrington, Esq. to substitute as counsel for Chase and SRMC. On July 5, 2016, the Court entered an order whereby the Court granted the stipulation of substitution of counsel for Chase and SRMC.

On February 5, 2018, Ronald E. Russell, Esq. filed a petition for appointment of personal representative whereby Ronald E. Russell, Esq. advised the Court that Collins died on January 10, 2018 and asked the Court to appoint Corleen Petersen (hereinafter "Petersen"), Collins' adult niece, as the personal representative for Collins in this matter. On March 7, 2018, Ronald E. Russell, Esq. filed a copy of the certificate of death for Collins to supplement his petition for appointment of personal representative. No opposition was filed in response.

On March 16, 2018, the Court entered an order whereby the Court granted Ronald E. Russell, Esq.'s petition for appointment of personal representative, and Corleen Petersen was appointed personal representative and substituted as the plaintiff in this matter for Collins.

On August 27, 2018, Petersen filed a motion for mediation.[6]

---

[5] It appears than a duplicate copy of the stipulation for Dean Barnes, Esq. to substitute as counsel for Chase and SRMC was filed on May 12, 2016.

[6] Although Petersen was substituted as the plaintiff in this matter for Collins, the caption of the August 27, 2018 motion for mediation did not reflect Petersen as the plaintiff and instead, the caption still reflected Collins as the plaintiff. Moreover, although Dr. Adam Flowers and Alex Pitman, PA were substituted in for Dr. John Doe and Dr. Jane Doe, the caption of the August 27, 2018 motion for mediation did not reflect Dr. Adam Flowers and Alex Pitman, PA as the defendants along with Dr. Jeffrey Chase and Schneider Regional Medical Center; instead, the caption reflected "Dr. Jeffrey Chase, Dr. John Doe, Dr. Jane Doe, and Schneider Regional Medical Center" as the defendants.

On March 12, 2019, Petersen filed a renewed motion for mediation.[7]

On March 13, 2019, this matter was reassigned from the Honorable Robert A. Molloy to the Honorable Harold W.L. Willocks.

On April 4, 2019, the Court entered an order whereby the Court granted Petersen's March 12, 2019 renewed motion for mediation and ordered that the parties shall mediate this action within sixty days from the date of the order.

On October 15, 2019, Petersen filed a motion to amend the complaint "to substitute the Virgin Islands Hospitals and Health Facilities Corporation (VIHHFC) for Defendant Schneider Regional Medical Center."[8] A redline copy of the proposed second amended complaint reflecting the changes made to the first amended complaint and a clean copy of the proposed second amended complaint were attached to Petersen's October 15, 2019 motion to amend complaint.[9]

On February 18, 2020, the Court entered an order whereby the Court granted Petersen's October 15, 2019 motion to amend complaint and deemed the second amended complaint filed as of October 15, 2019.

On March 13, 2020, a mediation report was filed by mediator Britain H. Bryant, Esq. According to the mediation report, "All Plaintiffs," "Plaintiff's trial counsel," "All Defendants,"

---

[7] Although Petersen was substituted as the plaintiff in this matter for Collins, the caption of the March 12, 2019 renewed motion for mediation did not reflect Petersen as the plaintiff and instead, the caption still reflected Collins as the plaintiff. The caption of the March 12, 2019 simply reflected the defendants as "Dr. Jeffrey Chase, et. al."

[8] Although Petersen was substituted as the plaintiff in this matter for Collins, the caption of the October 15, 2019 motion to amend complaint did not reflect Petersen as the plaintiff and instead, the caption still reflected Collins as the plaintiff. Moreover, although Dr. Adam Flowers and Alex Pitman, PA were substituted in for Dr. John Doe and Dr. Jane Doe, the caption of the October 15, 2019 motion to amend complaint did not reflect Dr. Adam Flowers and Alex Pitman, PA as the defendants along with Dr. Jeffrey Chase and Schneider Regional Medical Center; instead, the caption reflected "Dr. Jeffrey Chase, Dr. John Doe, Dr. Jane Doe, and Schneider Regional Medical Center" as the defendants.

[9] The captions of the redline copy and the clean copy of the proposed second amended complaint reflected Collins as the plaintiff and "Dr. Jeffrey Chase and The Virgin Islands Hospitals and Health Facilities Corporation" as the defendants and no longer reflected Dr. Adam Flowers and Alex Pitman, PA as co-defendants.

and "Defendant's trial counsel" were present at the March 6, 2020 mediation, and that: "Cannot complete settlement without CMS actual payout figure and local providers"; "Client records lost due to Hurricane Maria"; and "Work is ongoing."

On May 20, 2020, Petersen filed a notice of Rule 26 supplement whereby Petersen advised the Court that "the supplement provides the complete CMS package to Defendant" and that Petersen "served the mediator with the CMS information."

On December 8, 2020, Patricia Quinland, Esq. of the Virgin Islands Department of Justice filed a notice of appearance for "Dr. Jeffrey Chase, Dr. John Doe, Dr. Jane Doe, Schneider Regional Medical Center."

As of the date of this Memorandum Opinion and Order, no responsive pleadings have been filed in response to Petersen's second amended complaint.

## DISCUSSION

In reviewing the file, it has come to the Court's attention that there are several housekeeping matters that must be addressed. They will be discussed in turn.

### 1. Caption

The caption in this matter has not been amended to correctly reflect the true parties.

First, although Petersen was appointed personal representative and substituted as the plaintiff in this matter for Collins per the Court's March 16, 2018 order, the caption has yet to be amended to reflect such substitution.

Second, according to Petersen's October 15, 2019 motion to amend complaint, Petersen moved "to substitute the Virgin Islands Hospitals and Health Facilities Corporation (VIHHFC) for Defendant Schneider Regional Medical Center." However, as noted above, the captions of the

redline copy and the clean copy of the proposed second amended complaint only reflected "Dr. Jeffrey Chase and The Virgin Islands Hospitals and Health Facilities Corporation" as the defendants in this matter and no longer reflected Dr. Adam Flowers and Alex Pitman, PA as co-defendants. It is unclear whether this was intentional—meaning, Petersen dismissed Dr. Adam Flowers and Alex Pitman, PA in her second amended complaint and they are no longer parties to this lawsuit, or this was unintentional—meaning, Petersen inadvertently removed Dr. Adam Flowers and Alex Pitman, PA from the caption in her second amended complaint but they are still parties to this lawsuit. In light of the fact that the second amended complaint still referenced Dr. Adam Flowers as "Defendant Dr. Adam Flowers" (Compl. ¶ 12) and Alex Pitman, PA as "Defendant Alex Pitman" (Compl. ¶ 13), the Court concludes that Dr. Adam Flowers and Alex Pitman, PA were unintentionally left off the caption.

As such, pursuant to Rule 15-2 of Virgin Islands Rules of Civil Procedure,[10] the Court will amend the caption to reflect the true parties: (i) "Corleen Petersen, as the personal representative for Corlina Collins" as the plaintiff in this matter and (ii) "Dr. Jeffrey Chase, Dr. Adam Flowers, Alex Pitman, PA, and The Virgin Islands Hospitals and Health Facilities Corporation" as the defendants in this matter.

### 2. Subject Matter Jurisdiction

It has not been confirmed that the Court has subject matter jurisdiction over this matter.

As noted above, Collins never filed a new proposed first amended complaint to cure the deficiencies as ordered in the Court's December 10, 2015 order, and instead, filed the January 11,

---

[10] Rule 15-2 of Virgin Islands Rules of Civil Procedure provides that "[t]he court may amend any process or pleading for any omission or defect therein, or for any variance between the complaint and the evidence adduced at the trial." V.I. R. CIV. P. 15-2.

2016 notice advising the Court that she was in compliance with the VIMMA[11] and the VITCA.[12]

Nevertheless, the original complaint, the proposed first amended complaint, and the second

amended complaint all indicated Collins' compliance with the VIMMA and the VITCA therein,

albeit in a conclusory fashion without any indication of actual compliance.[13]

Upon review of Collins' January 11, 2016 notice and the exhibits attached thereto, the

Court finds that Collins has complied with the pre-filing requirements under the VIMMA and the

VITCA. As such, the Court has subject matter jurisdiction over this matter.

---

[11] According to the VIMMA, the statute of limitations to bring a medical malpractice claim is two years "from the date of the alleged act, omission or neglect" but "a toll of the statute of limitations shall operate for any period during which the health care provider had actual knowledge of any act, omission or neglect or knowledge of facts which would reasonably indicate such act, omission or neglect which is the basis for a malpractice claim and failed to disclose such fact to the patient." Title 27 V.I.C. § 166d(a). However, "[n]o action against a health care provider may be commenced in court before the claimant's proposed complaint has been filed with the [Medical Malpractice Action Review] Committee and the [Medical Malpractice Action Review] Committee has received the expert opinion as required by this section, provided, that if said opinion is not received by the [Medical Malpractice Action Review] Committee within ninety days from the date the complaint was filed with the [Medical Malpractice Action Review] Committee, the claimant may commence his action against the health care provider in court." Title 27 V.I.C. § 166i(b). "The proposed complaint shall be deemed filed when a copy is delivered or mailed by registered or certified mail to the Commissioner of Health." Title 27 V.I.C. § 166i(c).

As noted in the December 15, 2015 order, "[t]he pre-filing requirements of the MMA are jurisdictional, and a plaintiff's failure to adhere to these requirements precludes this Court from exercising jurisdiction over the claims." (Dec. 15, 2015 Order, p. 4.)

[12] According to the VITCA, "[n]o judgment shall be granted in favor of any claimant unless such claimant shall have complied with the provisions of this section applicable to his claim:...(c) a claim to recover damages for injuries to property or for personal injury caused by the tort of an officer or employee of the Government of the United States Virgin Islands while acting as such officer or employee, shall be filed within ninety days after the accrual of such claim unless the claimant shall within such time file a written notice of intention to file a claim therefor, in which event the claim shall be filed within two years after the accrual of such claim." Title 33 V.I.C. § 3409(c).

The Virgin Islands Supreme Court has not yet determined if the deadlines in the VITCA are jurisdictional or claims processing rules. *See Fleming v. Cruz*, 62 V.I. 702, 718 n. 13 (V.I. 2015) ("In this case, we do not decide whether the VITCA's claim-filing requirements are jurisdictional, and affirm the trial court's decision on this aspect of the appeal based only upon the clear and unexcused failure of Fleming to comply with plain language of the statutory requirements. We leave a decision on whether the VITCA's claim-filing mandates are jurisdictional for another day."). Nevertheless, the Court need not address this issue since Collins timely filed her notice of intention and timely commenced her lawsuit under the VITCA.

[13] In Collins' original complaint, proposed first amended complaint, and second amended complaint, Collins alleged:

13. That Plaintiff complied with all requirements of V.I. Code Ann., Tit. 33, §§ 3408-3416.

14. That Plaintiff complied with all requirements of V.I. Code Ann., Tit. 27, §§ 166(a-m), as amended.

(Compl., ¶¶ 13-14; Proposed FAC, ¶¶ 13-14; SAC, ¶¶ 13-14.)

### 3. Personal Jurisdiction

It is unclear whether the Court has personal jurisdiction over the defendants.

First, Collins' August 13, 2014 motion to amend complaint was served only upon James L. Hymes, III, Esq., then counsel of record for Chase and SMRC, and the Court December 10, 2015 order granting Collins' August 13, 2014 motion to amend complaint was served only upon Ronald E. Russell, Esq. and James L. Hymes, III, Esq. Thus, it is unclear whether Dr. Adam Flowers and Alex Pitman, PA were ever served with the proposed first amended complaint since they were never served with Collins' August 13, 2014 motion to amend complaint or the Court December 10, 2015 order.

Second, Petersen's October 15, 2019 motion to amend complaint was served only upon Dean Barnes, Esq., former counsel of record for Chase and SMRC, and the Court's February 18, 2020 order granting Petersen's October 15, 2019 motion to amend complaint was served only upon Ronald E. Russell, Esq. and Dean Barnes, Esq. Thus, it is unclear: (i) whether Chase was ever served with the second amended complaint since Johanna Harrington, Esq., then counsel of record for Chase and SMRC, was never served with Petersen's October 15, 2019 motion to amend complaint or the Court's February 18, 2020 order and (ii) whether Dr. Adam Flowers, Alex Pitman, PA, and the Virgin Islands Hospitals and Health Facilities Corporation were ever served with the second amended complaint since no proofs of service have been filed and there is no indication that they were served with Petersen's October 15, 2019 motion to amend complaint or the Court's February 18, 2020 order.

Here, the Court has personal jurisdiction over Chase because he has already appeared in this matter. *See Estate of Skepple v. Bank of Nova Scotia*, 69 V.I. 700, 745-46 (V.I. 2018) ("...when

a party voluntarily appears, the court obtains jurisdiction over her person, and service is unnecessary."). On the other hand, Dr. Adam Flowers, Alex Pitman, PA, and the Virgin Islands Hospitals and Health Facilities Corporation have not appeared in this matter.[14] Thus, if Dr. Adam Flowers, Alex Pitman, PA, and the Virgin Islands Hospitals and Health Facilities Corporation were not served with the second amended complaint, then the Court does not have personal jurisdiction over them. *See Atrium, V.I., LLC v. Atrium Staffing, LLC*, 69 V.I. 259, 275-76 (Super. Ct. Aug. 9, 2018) ("Adequate notice, and thus personal jurisdiction, is achieved via valid service of process in most instances."); *see also, Joseph v. Daily News Publishing Co., Inc*, 57 V.I. 566, 580, n.4 (V.I. 2012) (noting in dicta, in a case which reviewed a granting of summary judgment, that "service of process — unless waived by a general appearance — is a prerequisite to the Superior Court obtaining personal jurisdiction over a defendant" and then citing, for legal authority for that assertion, 5 V.I.C. § 115 and its language establishing that a *"voluntary* appearance of the defendant shall be equivalent to personal service of the summons upon him. ...").

As such, the Court will order Petersen to file proofs of service for Dr. Adam Flowers, Alex Pitman, PA, and the Virgin Islands Hospitals and Health Facilities Corporation for the second amended complaint.

### 4. Response to the Second Amended Complaint

None of the defendants have filed a response to Petersen's second amended complaint.

---

[14] The notice of appearance filed by Patricia Quinland, Esq. on December 8, 2020 indicated that she appeared as counsel for "Dr. Jeffrey Chase, Dr. John Doe, Dr. Jane Doe, Schneider Regional Medical Center" and no other defendants. Thus, at this time, no notices of appearances have been filed for Dr. Adam Flowers, Alex Pitman, PA, and the Virgin Islands Hospitals and Health Facilities Corporation and there are no counsel of record for Dr. Adam Flowers, Alex Pitman, PA, and the Virgin Islands Hospitals and Health Facilities Corporation.

### a. Chase

Although Patricia Quinland, Esq. filed a notice of appearance for Chase subsequent to the Court's February 18, 2020 order granting Petersen's motion to amend complaint and deeming the second amended complaint filed, Chase has not yet filed a response to Petersen's second amended complaint. Rule 15 of the Virgin Islands Rules of Civil Procedure provides that "[u]nless a statute of the Virgin Islands or a court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later." V.I. R. Civ. P. 15(a)(3). Here, the deadline for Chase to file a responsive pleading to the second amended complaint has long expired.[15] While Chase may argue that he was and still is trying to resolve this matter with Petersen by mediation, the fact is that this matter is still pending before the Court. The Court has never entered a stay in this matter, and until the Court orders so, this matter is still an active case. Thus, the issue remains that Chase has not filed an answer.

Under Rule 6 of the Virgin Islands Rules of Civil Procedure, "[w]hen an act is required or allowed to be done by or within a specified period, the court may upon a showing of good cause or excusable neglect, extend the date for doing that act" and "[t]he court may consider whether the request to extend time is made before or after the required date; the reason for the movant's delay; whether the reason for delay was within the reasonable control of the movant; the danger of prejudice to the parties; the length of the delay; the potential impact of the delay on judicial proceedings; whether the party seeking the extension has acted in good faith, and all other relevant

---

[15] The 14-day deadline has long expired even assuming that the clock for Chase to file a responsive pleading did not start ticking until December 8, 2020 when Patricia Quinland, Esq. filed her notice of appearance for Chase, since Petersen's October 15, 2019 motion to amend and the Court's February 18, 2020 order were not served on Johanna Harrington, Esq., then counsel of record for Chase.

circumstances surrounding the party's failure to meet the originally prescribed deadline." V.I. R. CIV. P. 6(b). "The Supreme Court of the Virgin Islands has held that 'excusable neglect' and 'good cause' are 'essentially synonyms.'" *Arno v. Hess Corp.*, 71 V.I. 463, 480 (Super. Ct. Oct. 17, 2019) (quoting *Montgomery v. Virgin Grand Villas St. John Owners' Ass'n*, 71 V.I. 1119, 1127 (V.I. 2019) (citation omitted)). In taking into account all relevant circumstances surrounding Chase's failure to file its answer by the prescribed deadline, the Court finds that there is good cause for a discretionary extension—to wit, (i) the reason for Chase's delay in filing his answer is presumably because Chase was and still is trying to resolve this matter with Petersen by mediation and Petersen never took any actions against Chase for his failure to file its answer by the prescribed deadline, (ii) there is no indication that by extending the time for Chase to file his answer presents any danger of prejudice to the other parties—in fact, as noted above, it is unclear whether the other defendants in this matter have been served and if they were served, they have not filed their answers to the second amended complaint, and (iii) although it has been almost 18 months since the Court entered the order granting Petersen's October 15, 2019 motion to amend complaint, the potential impact of the delay on the judicial proceedings is minimal and the length of the delay is a nonissue because, as the Court just noted, it is unclear whether the other defendants in this matter have been served and if they were served, they have not filed their answers to the second amended complaint.

As such, the Court will grant Chase a discretionary extension of time for Chase to file his answer to the second amended complaint.[16]

---

[16] While the parties may question the necessity for Chase to file an answer given that he was and still is trying to resolve this matter with Petersen by mediation, the Court finds that it is legally and procedurally sound in this instance to have Chase file an answer. Otherwise, the Court would be setting a bad precedent that may be viewed as an invitation to litigants to circumvent the applicable rules of this Court—such as filing a timely responsive pleading—and effectively obliterate those rules.

### b. Dr. Adam Flowers, Alex Pitman, PA, and the Virgin Islands Hospitals and Health Facilities Corporation

As noted above, Dr. Adam Flowers, Alex Pitman, PA, and the Virgin Islands Hospitals and Health Facilities Corporation have not filed their respective responses to Petersen's second amended complaint, but it is unclear whether they were ever served. Thus, the Court will address this issue, if necessary, after Petersen files proofs of service as ordered.

### 5. Mediation

It is unclear which defendant(s) were and still are trying to resolve this matter with Petersen by mediation.

While the mediation report filed on March 13, 2020 indicated that "All Plaintiffs," "Plaintiff's trial counsel," "All Defendants," and "Defendant's trial counsel" were present, there is no indication of the names of the defendants and counsel that were present.

As such, the Court will order Petersen to file a notice advising the Court of the names of the defendants and defense counsel present at the March 6, 2020 mediation and the status of the mediation since Petersen "served the mediator with the CMS information" on May 20, 2020.

### 6. Going Forward

At this juncture, there is no arguing that this case is a procedural mess. The Court must express its concern with the parties' blatant disregard of the Court's orders and the applicable rules of this Court and cautions that, moving forward, the Court expects the parties to comply with the Court's orders and all the applicable rules of this Court or otherwise be sanctioned. It is the Court's wish, with the parties' help, to keep the record of this 2014 matter as orderly and as clear as possible.

## CONCLUSION

Based on the foregoing, the Court will amend the caption, order Petersen to file proofs of service for Dr. Adam Flowers, Alex Pitman, PA, and the Virgin Islands Hospitals and Health Facilities Corporation for the second amended complaint, grant Chase a discretionary extension of time to file his answer to the second amended complaint, and order Petersen to file notice advising the Court the names of the defendant(s) and defense counsel present at the March 6, 2020 mediation and the status of the mediation. Accordingly, it is hereby:

**ORDERED** that the caption in this matter shall be amended to reflect the true parties: (i) "Corleen Petersen, as the personal representative for Corlina Collins" as the plaintiff in this matter and (ii) "Dr. Jeffrey Chase, Dr. Adam Flowers, Alex Pitman, PA, and the Virgin Islands Hospitals and Health Facilities Corporation" as the defendants in this matter. It is further:

**ORDERED** that, **within fifteen (15) days from the entry of this Memorandum Opinion and Order**, Petersen shall file: (i) proofs of service for Dr. Adam Flowers, Alex Pitman, PA, and the Virgin Islands Hospitals and Health Facilities Corporation for the second amended complaint and (ii) a notice advising the Court the names of the defendant(s) and defense counsel present at the March 6, 2020 mediation and the status of the mediation since Petersen "served the mediator with the CMS information" on May 20, 2020. It is further:

**ORDERED** that a discretionary extension of time for Chase to file his answer to the second amended complaint is **GRANTED** and Chase shall file his answer **within fifteen (15) days from the entry of this Memorandum Opinion and Order.**

**DONE and so ORDERED this 2nd day of Aug. 2021.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II

Dated: _____8/2/2021_____

HAROLD W.L. WILLOCKS
**Presiding Judge of the Superior Court**